BHAGWAN D. RAHEJA and KRISHNA K. RAHEJA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raheja v. Commissioner
Docket No. 15834-80.
United States Tax Court
T.C. Memo 1981-690; 1981 Tax Ct. Memo LEXIS 54; 43 T.C.M. (CCH) 9; T.C.M. (RIA) 81690; December 2, 1981. Bhagwan D. Raheja, for the petitioners. James D. Harbert, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 349.76 in petitioners' 1974 Federal income tax. The only issue is whether a certain method of aduit selection used by respondent and/or the lack of written notice of initial audit proceedings render respondent's statutory notice of deficiency a nullity. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioners, Bhagwan D. Raheja and Krishna K. Raheja, resided in Lombard, Ill., at the time they filed their petition in this case. Petitioners were not selected for Internal Revenue Service audit under either the Discriminant Function System or as part of a random sample under the Taxpayer *55 Compliance Measurement Program. [1] Instead, petitioners were selected for audit, as shown by respondent's audit files (Form 3449), because they failed to file timely income tax returns for 1974 and 1975. Before the initiation of the Internal Revenue Service audit for 1974 and 1975, petitioners were not notified in writing that they had been selected for audit. OPINION Petitioners have conceded all issues raised by respondent in his statutory notice of deficiency. What petitioners do claim, however, is that they have been denied due process of law because *56 of certain audit procedures followed by respondent and, therefore, respondent's notice of deficiency is a nullity. Specifically, petitioners contend they were denied due process of law because they were selected for audit by a method other than the Discriminant Function System or the Taxpayer Compliance Measurement Program. Petitioners maintain that the document respondent used to select petitioners for audit, Form 3449, is legally insufficient to allow respondent to initiate an audit. Petitioners also contend that their due process rights were violated when respondent did not notify them in writing, before the initiation of the audit, that they had been selected for examination. It is well settled that this Court will not look behind a notice of deficiency to examine respondent's motives or the administrative policy or procedure involved in making a determination. ; ; . The underlying rationale for the foregoing is that a trial before this Court is a *57 proceeding de novo; our determination as to a petitioner's tax liability must be based on the merits of the case and not on any previous record developed at the administrative level. . This Court has recognized an exception to this rule and looked behind the deficiency notice when there was substantial evidence of unconstitutional conduct on respondent's part and the integrity of our judicial process would be impugned if we were to let respondent benefit from such conduct. [2] See . Petitioners have made no showing that their constitutional rights have been violated. Due process imposes no requirement on respondent that a particular method be used for selecting taxpayers for audit. The broad mandate of respondent's duty to investigawte and examine persons who may be liable for taxes vests in respondent the discretion to determine which *58 taxpayers should be audited. . The Constitution certainly does not limit respondent's method of audit selection to the Discriminate Function System or the Taxpayer Compliance Measurement Program. Moreover, the evidence suggests that petitioners were selected for audit because they failed to file timely their 1974 and 1975 income tax returns. Nor can we agree with petitioners that lack of written notice with respect to the initial audit denies petitioners due process of law. Such constitutional requirement is satisfied where "adequate opportunity is afforded for a later judicial determination of the legal rights." . Petitioners' right to a trial de novo in this Court satisfies that requirement. [3] In this case there has been no violation of petitioners' constitutional rights.
*59 In summary, we find no merit in petitioners' contentions concerning audit selection and notice. Accordingly, Decision will be entered for respondent. Footnotes
1. The Discriminate Function System (DIF) is the major audit selection method of the Internal Revenue Service. DIF is a mathematically based system which, through a computer, assigns weights to entries on tax returns and produces a final score for each return. The probability of being audited increases with a higher final score. The Taxpayer Compliance Measurement Program (TCMP) is directly related to DIF. A small sample of returns are selected at random for an intensive audit. TCMP audit findings are used to make adjustments in the formulae for DIF selection of returns. See 1979 U.S. News & World Report, April 9, 1979.↩
2. But even in that case, we refused to declare the deficiency notice involved therein a nullity, as petitioners would have us do in this case. See .↩
3. There is a statutory requirement that a taxpayer be notified in writing in the event of a second inspection of his books of accounts for a particular year. See sec. 7605(b). With respect to the initial inspection, however, the statute contains no such requirement.↩